**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4488**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

WILLIAM BILLY TAYLOR,

            Defendant – Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas David Schroeder, District Judge.  (1:08-cr-00211-TDS-1)

───────────

Submitted:  December 14, 2009      Decided:  January 15, 2010

───────────

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Billy Taylor pled guilty, pursuant to a plea agreement, to one count of possession with the intent to distribute 20.1 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i) (2006). The district court calculated Taylor's advisory Guidelines' imprisonment range under the U.S. Sentencing Guidelines Manual (2008) at 308 to 355 months, but granted Taylor's request for a downward variance and imposed a sentence of 170 months' imprisonment on the cocaine base possession count and a consecutive sentence of 120 months' imprisonment on the § 924(c) count, for a total imprisonment term of 290 months.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but suggesting that Taylor's sentence is unreasonable because it is greater than necessary to satisfy the sentencing factors at 18 U.S.C. § 3553(a) (2006). Taylor has filed a pro se supplemental brief. The Government

2

has declined to file a brief and does not seek to enforce the plea agreement's appeal waiver.[*]  We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review.  Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Taylor's guilty plea and that Taylor's substantial rights were not infringed.  Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Taylor entered the plea knowingly and voluntarily with an understanding of the consequences.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Taylor's sentence, we review it for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).  In conducting this review, we first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a)

_____

[*] Taylor waived his right to appeal his sentence in the plea agreement.  Because the Government fails to assert the waiver as a bar to the appeal, however, we may consider the issue raised in the Anders brief and conduct an Anders review.  See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

3

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. When "rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances" of the case and the defendant, and "must state in open court the particular reasons supporting its chosen sentence." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and alterations omitted).

If the sentence is free from procedural error, we then consider the substantive reasonableness of the sentence. Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if we would have imposed a different sentence, this fact alone is "insufficient to justify reversal of the district court." Id. at 474 (internal quotation marks omitted).

Here, the district court correctly calculated the advisory Guidelines range and heard argument from the parties on the appropriate sentence and allocution from Taylor. The court

4

considered the relevant § 3553(a) factors, addressing on the record the nature and circumstances of the offense, Taylor's history and characteristics, and the need for the sentence to reflect the seriousness of Taylor's offenses, promote respect for the law, provide just punishment, deter Taylor, and protect the public. In granting Taylor's request for a downward variance, the court explained that it considered the need to avoid unwanted sentencing disparities. Based on these factors, the court concluded that a sentence of 170 months' imprisonment on the cocaine base count was sufficient, but not greater than necessary, to achieve the purposes of sentencing. We conclude that the district court adequately explained its rationale for imposing the variant sentence and that the reasons relied upon by the district court are valid considerations under § 3553(a) and justify the sentence imposed. See Pauley, 511 F.3d at 473-76.

Further, Taylor was sentenced to the statutorily-mandated minimum term of 120 months' imprisonment on his § 924(c) conviction, and the district court was obligated to run that sentence consecutive to the sentence imposed for Taylor's cocaine base possession conviction. See 18 U.S.C. § 924(c). This sentence is also reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir.) ("A statutorily required sentence . . . is per se reasonable."), cert. denied,

129 S. Ct. 743 (2008). Thus, we conclude that the district court did not abuse its discretion in sentencing Taylor. Finally, we conclude Taylor's pro se supplemental brief raises no meritorious issues for appeal.

We therefore affirm the district court's judgment. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED